Hon. Robert C. Morris City Attorney, Glens Falls
This is in response to your letter wherein you request an opinion of the Attorney General whether a conflict of interest was created when the former City Attorney of the City of Glens Falls contracted with the City to provide legal services to the Community Development Office, which you state is an agency of the City of Glens Falls. The Community Development Office was established by resolution of the Glens Falls Common Council on January 21, 1976 headed by an Executive Director of the Community Development Program who is employed and paid by the City with City funds although the funds used for the Program are largely derived from the Federal government but are deposited with the City and the expenses for the Program are disbursed through City funds. You point out that pursuant to the terms of the subject contract, the former City Attorney received additional salary during 1976 and 1977 as Community Development Attorney of $3,450 and also legal fees in the amount of $5,519 for services in connection with real estate transactions. Specifically, you ask for our opinion relating to the following questions:
 "1. Was it proper for the City Attorney to enter into a contract with the Community Development Office to provide additional legal services for additional compensation?
 "2. Is the subject contract void pursuant to Section 804 of the General Municipal Law?
 "3. Can the City, or an aggrieved taxpayer, recover any of the compensation under the terms of the subject contract?
 "4. Has there been a violation of Section 805
of the General Municipal Law?"
The Charter of the City of Glens Falls, § 10.2, provides:
 "§ 10.2. Department of Law. There shall be a department of law, of which the city attorney shall be the head. The city attorney shall be an attorney and counsellor-at-law of the State of New York, of a least five years standing, and a resident elector of the city. He shall serve at the pleasure of the mayor."
The Charter of the City of Glens Falls, § 10.4, provides:
 "§ 10.4. Salary. The salary of the city attorney shall cover all services except in litigated matters, and the common council shall have power to pay such additional compensation for services in litigated cases as shall be just and reasonable."
The Charter of the City of Glens Falls, § 10.6, provides:
"§ 10.6. Duties of City Attorney.
 "10.6.1. He shall be and act as the sole legal adviser of the mayor and the common council and of the officers, boards and departments of the city. He shall appear for and protect the rights and interests of the city in all actions, suits and proceedings brought by and against the city and every city officer, board or department; and such officers, boards and departments, except the mayor or common council, shall not employ other counsel. He shall perform such other counsel. He shall perform such other professional services relating to the city as the mayor or common council may direct, and he shall, when required, prepare all legal papers, contracts, deeds and other instruments for the city and its departments. He shall attend to all law business of the city, and discharge such other duties as may be prescribed in the ordinances by the common council.
 "10.6.2. No written contract entered into by the city or any of its officers, boards or departments shall be acted upon until there shall be endorsed thereon by the city attorney a certificate to the effect that the city officer, board or department, which has executed the same on behalf of the city, had authority and power to make such contract, and that such contract is in proper form and properly executed." (Emphasis supplied.)
General Municipal Law, § 801, provides in pertinent part:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder * * *."
General Municipal Law, § 804, provides:
 "Any contract willfully entered into by or with a municipality in which there is an interest prohibited by this article shall be null, void and wholly unenforceable."
General Municipal Law, § 805, provides:
 "Any municipal officer or employee who willfully and knowingly violates the foregoing provisions of this article shall be guilty of a misdemeanor."
In answer to your Question No. 1, we conclude that a prohibited conflict of interest, under section 801 of the General Municipal Law, arose when the former City Attorney of the City of Glens Falls approved a contract between himself and the City for his employment to provide legal services to the Community Development Office, a City of Glens Falls agency. In any event, those duties were required to be performed by the City Attorney pursuant to the provisions of the Charter of the City of Glens Falls. In response to your Questions No. 2, No. 3 and No. 4, please be advised, as we indicated to you in our telephone conversation of May 15, 1978, that they entail questions of fact that may only be resolved by a court of competent jurisdiction and are not proper subject matter for an opinion of this office.